1  Alan L. Martini   SB#77316
   SHEUERMAN, MARTINI & TABARI
2  A Professional Corporation
   1033 Willow Street
3  San Jose, CA  95125
   (408) 288-9700
4  Fax: (408) 295-9900

5  Attorneys for Defendant, SUTTER LAKESIDE HOSPITAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOU CAVENDER,<br><br>          Plaintiff,<br><br>v.<br><br>SUTTER LAKESIDE HOSPITAL, INC. and<br>Does 1 through XXX,<br><br>          Defendants.<br>_____ | No. C-04-03110 MMC<br><br>**DEFENDANT, SUTTER LAKESIDE HOSPITAL's EX PARTE REQUEST TO BRING TO THE COURT'S ATTENTION A RELEVANT JUDICIAL OPINION AFTER THE DATE THE OPPOSITION IS FILED (LR 7-3(d)); [PROPOSED] ORDER**<br><br>Hearing: September 2, 2005<br>Time: 9:00 a.m<br>Courtroom 7, 19th Floor<br>Hon. Maxine M. Chesney |

Defendant SUTTER LAKESIDE HOSPITAL makes this ex parte request to bring to the court's attention supplementary material, in the form of a relevant judicial opinion published in the United States District Court for the Northern District of Iowa, Central Division on an issue raised for the first time in plaintiff's reply brief, namely whether plaintiff's son and ex-husband had authority under EMTALA to request a medical screening, if plaintiff had the capacity to refuse medical treatment.  This published opinion was not previously brought to the attention of the court in connection with plaintiff's motion for partial summary judgment, because initially, it appeared from plaintiff's memorandum of points and authorities in support of motion for partial summary judgment that it was based upon the proposition, as stated by plaintiff's expert, Dr. Simic, in connection with plaintiff's motion that, although

1  respect for patient autonomy is paramount in medical practice, it was rendered moot by plaintiff's altered
2  mental status, at which point the family's wishes supersede those of the patient.  Defendant responded,
3  accordingly, arguing that the plaintiff had capacity to refuse treatment.  It was only in plaintiff's reply
4  brief, that plaintiff argued that the motion was not based upon the proposition that plaintiff was
5  incompetent to refuse treatment at all, but based upon the proposition that whether or not she was
6  competent, the hospital had an obligation to screen her, notwithstanding her refusal to be screened, when
7  her son and ex-husband requested it.  Defendant would like to bring to the attention of the court a
8  published opinion which directly refutes plaintiff's legal claim.

9  It is therefore respectfully requested that the court allow defendant, prior to oral argument, to
10 bring to the court's attention this relevant judicial opinion, by providing the court with the citation and
11 a copy of the opinion, without additional argument.

12 Dated: August 31, 2005                          Respectfully submitted,

13                                                 SHEUERMAN, MARTINI & TABARI

15                                                 By:   /s/
                                                        Alan L. Martini
16                                                      Attorneys for Defendant

18                                        ORDER

19     Defendant's request to provide the court with the citation of the above-referenced case is
20 granted.  Defendant shall efile the citation no later than 4:00 p.m. today, September 1, 2005.
21 DATED: September 1, 2005

                                                 _____
                                                 U.S. DISTRICT COURT JUDGE